EDWARDS, Judge.
Plaintiff, Morgan City Freezer & Cold Storage, Inc., hereinafter MCF, brought suit against Leroy Chauvin and Leroy Chauvin, Inc., hereinafter collectively Chau-vin. MCF sought $9,812.34, interest, attorney fees and costs on the ground that Chau-vin had, without rendering payment, utilized MCF’s facilities for the storage and preservation of shrimp. From a judgment rejecting plaintiff’s demands and dismissing the lawsuit, MCF appeals. We affirm.
Chauvin’s version of the facts was accepted by the trial court as shown in the attached reasons for judgment. Essentially, *1117 the trial court found that Leroy Chauvin, Bob Collins and Ben Favret entered into a joint venture; that Favret, president of both MCF and Bougon Oyster House, Inc., and whose family controlled both corporations, would put up the money through Bougon Oyster House, while Chauvin would actually purchase and Collins would process and dispose of the shrimp; that until Collins left for Florida following the untimely death of his son, the shrimp had been stored by MCF; that the shrimp were eventually processed and sold; that the proceeds were insufficient to recover either the money advanced or the storage charges; that Chau-vin was sued since his name was on MCF’s warehouse receipts; that Chauvin received nothing and that Bougon Oyster House, controlled by Favret’s family, had received all the proceeds; and that MCF, having the same president as Bougon Oyster House, should receive nothing from Chauvin since MCF’s companion corporation had already received all the proceeds of what amounted to a salvage operation.
The thrust of MCF’s appeal is that no joint venture included MCF; that joint venture or not, MCF was a separate corporation; that MCF was owed for its services; and that Chauvin, whose name appears on the warehouse receipts, must pay.
Testimony by Chauvin and Favret conflicted as to whether there was a joint venture, and if so, whether it included MCF. Chauvin also urges that even if MCF were not originally in a joint venture, that subsequent developments in the form of a salvage operation release Chauvin from any obligation to plaintiff.
There is no documentary evidence relating to the formation or not of a joint venture and/or the formation or not of a salvage operation. All the principals dealt in person on a face to face oral basis.
The district judge heard and watched both principal witnesses, Chauvin and Fav-ret, as they told conflicting stories. His evaluation of the witnesses’ credibility and findings of fact must be given great weight. A careful review of the record indicates that appellant has not shown that the trial judge’s findings of fact were clearly wrong. We must, therefore, affirm the trial court judgment.
All costs, both trial and appellate, are to be paid by Morgan City Freezer & Cold Storage, Inc.
AFFIRMED.
REASONS FOR JUDGMENT
This is a lawsuit on an open account by Morgan City Freezer & Cold Storage, Inc. against Mr. Leroy Chauvin, individually, and Leroy Chauvin, Inc., a Louisiana corporation authorized to do and doing business in the State of Louisiana. The suit is in the amount of $9,812.34 and is based on the claim that plaintiff rendered unto defendants storage services at the plaintiff’s cold storage facility located in Morgan City, Louisiana. Allegedly defendants obtained cold storage services for shrimp belonging to defendants in the amount of $9,812.34.
Defendants answered this lawsuit denying that they were indebted to plaintiff and denying that they sought or were obligated for storage service charges as claimed in plaintiff’s petition.
Trial was held on May 17,1978, and after preparation of the transcript of said trial and the submission of briefs by counsel for plaintiff and defendants, the court now renders its judgment and reasons for judgment thereon.
The evidence and testimony adduced at the trial convinces the court that Mr. Leroy Chauvin is not personally liable for any storage charges since the record establishes beyond any doubt that the shrimp were not owned by Mr. Chauvin but were purchased by and owned by the defendant corporation, Leroy Chauvin, Inc. (for and on behalf of said company and others), as will be seen by reference to defendants’ Exhibits “D-l”, “D — 2”, “D-3”, “D-4”, “D-5” and the testimony of both Mr. Ben Favret and Mr. Leroy Chauvin. Likewise, the record clearly establishes that the storage of the shrimp was carried in the name of defendant corporation as will also be seen by reference to the copies of the negotiable warehouse re *1118 ceipts filed in this record under Exhibit “D-4”. For these reasons the court believes that it has not been established by a preponderance of the evidence that Mr. Leroy Chauvin either owned the shrimp personally or assumed the responsibility for any storage charges, or that it was ever intended that Mr. Chauvin would be personally liable for the alleged claim of storage involved in this lawsuit. The only defendant that could possibly be liable for these service charges is defendant corporation herein.
In order to place this case in its proper prospective the court will summarize the facts as it understands the facts to be proven by the testimony and exhibits entered into the record at the trial of this case.
At the beginning Mr. Leroy Chauvin entered into a joint venture with a Mr. Bob Collins and Mr. Ben Favret, president of Morgan City Freezer & Cold Storage, Inc., and also president of Bougon Oyster House, Inc., in which Mr. Favret operating through Bougon Oyster House, Inc. would put up the money, Mr. Chauvin would be responsible for the actual purchase of the shrimp from various dealers or shrimp fishermen, and Mr. Collins would be responsible for the processing and disposition of the shrimp through a company located in Florida. This arrangement apparently worked satisfactorily until the untimely and sudden death of Mr. Collins’ son in an accident in Florida. At the time Mr. Collins’ sudden departure for Florida shrimp had been purchased and had been stored in Morgan City Freezer & Cold Storage, Inc.’s facilities awaiting processing and shipment to customers. It is noted that the shrimp purchased in this joint venture had been stored in Morgan City Freezer & Cold Storage, Inc.’s facilities at Morgan City, Louisiana in the Leroy Chauvin, Inc. name, they being covered by negotiable warehouse receipts, as will be seen by reference to copies thereof filed in this record under Exhibit “D — 4”. Apparently, with the sudden withdrawal from the venture and departure by Mr. Collins, it became necessary for someone to process the shrimp and dispose of them in an effort to recover the investment that had been made by Bougon Oyster House, Inc. and Mr. Favret. Mr. Favret, as president of Morgan City Freezer & Cold Storage, Inc., obtained an endorsement of the negotiable warehouse receipts from defendant corporation, and the shrimp were then processed in a facility previously operated by Mr. Collins in Terrebonne Parish and returned to Morgan City for disposal. The shrimp apparently were then disposed of by Bougon Oyster House, Inc. in an effort to recoup its money, leaving the defendant corporation Leroy Chauvin, Inc. to face the claim of Morgan City Freezer & Cold Storage, Inc. for the storage charges. The court believes it significant that Mr. Favret was wearing two hats in this transaction. He was president of Bougon Oyster House, Inc., supplier of the money used to purchase and process the shrimp and was attempting to salvage the investment of Bougon Oyster House, Inc., and at the same time he was president of Morgan City Freezer & Cold Storage, Inc. and in that capacity sought to recover for the alleged storage charges due to said corporation. It is noteworthy that Morgan City Freezer & Cold Storage, Inc. did not sue Bougon Oyster House, Inc., the company who really benefited from this entire transaction, but instead chose to seek recovery against Mr. Chauvin personally and his corporation, who received nothing in this salvage operation. Mr. Chauvin was induced by Mr. Favret to sign the negotiable warehouse receipts, to the advantage and benefit of Bougon Oyster House, Inc. As a consequence of this release, the shrimp were processed and were disposed of by Bougon Oyster House, Inc. or Morgan City Freezer & Cold Storage, Inc., and neither defendant in this case ever received anything for the release of the shrimp from storage or from that disposal sale.
For these reasons the court does not believe that Morgan City Freezer & Cold Storage, Inc. should recover anything from defendant corporation because of the advantage that its companion corporation, having the same person as president, received the entire proceeds from this salvage operation and that defendant corporation *1119 received nothing in return and therefore it should not be cast in judgment in this case.
For these reasons the court does not believe that defendants herein owe Morgan City Freezer & Cold Storage, Inc. any storage charges or any money as claimed in this lawsuit. Accordingly, plaintiff’s lawsuit will be dismissed at its cost.